UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CASE NO. 10-CR-20666

v.                                     PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

ARAMAIS MOLOIAN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE
## CERTAIN ALLEGATIONS IN THE INDICTMENT

        Defendant filed the instant motion on July 21, 2011. Thereafter, a government response and a defendant's reply were filed. Pursuant to Local Rule 7(f), the Court determines that a hearing is not necessary.

**DISCUSSION**

        The Defendant requests that the Court strike certain allegations contained in the indictment as being surplusage, irrelevant, and more prejudicial than probative.

        Defendant asserts that Paragraphs 4-11 of the Indictment should be stricken. Plaintiff alleges that those paragraphs "refer to :(1) the condition or status of the warehouses and other structures and facilities at Chem-Serve [Defendant's business]; (2) the condition or status of materials present at such location or the containers holding such materials; (3) a complaint

alleging mismanagement of solid wastes at Chem-Serve, MDEQ inspections of Chem-Serve and the MDEQ's [Michigan Department of Environmental Quality] issuance of Letters of Warning ("LOWs"); and (4) Mr. Moloian purportedly being unable to identify what some of the unlabeled drums at Chem-Serve contained during an October 31, 2007 EPA inspection." Defendant's Motion to Strike P.2.

Contrary to Defendant's assertions that these allegations are irrelevant to the specific instant charges, the Court finds that they are very relevant to the instant charges, will not confuse the jury, and are not more prejudicial than probative under Federal Rule of Evidence 403.

These paragraphs contain facts essential to the government's burden of proof in the instant case -- that Defendant had been warned, time and again, by the MDEQ about his facilities, that he did not act to remedy the situation described in the warnings, and that when confronted about the situation after many warnings, he stated that he did not even know what was in some of the containers.

All of these references in the indictment are relevant to the government's burden of proof that Defendant knowingly improperly stored the hazardous waste with which he is charged in the indictment. The indictment includes relevant, albeit unfavorable to Defendant, details about the charges at issue in the instant case.

Accordingly, the Court, in the exercise of its discretion concludes pursuant to Federal Rule of Criminal Procedure 7(d) that Defendant's challenged portions of the indictment are both relevant and not improperly prejudicial. Nor is there any violation of Federal Rule of Evidence

403 -- the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Defendant's Motion to Strike is DENIED.

SO ORDERED.

DATED: 8-17-11

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE