UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                  Case No. 10-20666

ARAMAIS MOLOIAN,                                           Paul D. Borman
                                                                                                    United States District Judge

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART EACH PARTY'S MOTION IN LIMINE; SETTING ADDITIONAL IN LIMINE HEARING MONDAY, SEPTEMBER 12, 2011 AT 10:00 A.M.

Both the government and Defendant Moloian have filed motions in limine; the government's motion also provides a motion of intent to introduce evidence of other crimes, wrongs and acts pursuant to Federal Rule of Evidence 404(b).

### Background

To put these motions in context, it is helpful to begin with an outline of Sixth Circuit precedent regarding the government's burden of proof in a prosecution under the Resource Conservation and Recovery Act (RCRA), Title 42 U.S.C. § 6928(d)(2)(A).

In *United States v. Dean*, 969 F.2d 187 (6th Cir. 1992), the Sixth Circuit set forth the following interpretive guidelines that are pertinent here:

> [1.]    [W]e see no basis on the face of the statute for concluding that knowledge of the permit requirement is an element of the crime. *Id.* at 190.
>
> [2.]    Subsection 6928(d)(2)(A) requires knowing treatment (or knowing storage, or knowing disposal) of hazardous waste. It also requires proof that the treatment, or storage, or disposal, was done without a permit. It does not require that the person charged had known that a permit was

[3.] Given that [s]uch wastes typically have no value yet can only be safely disposed of at considerable cost, facilities generating hazardous waste have a strong incentive to evade the law. Moreover, clean-up of the resulting environmental damage almost always involves far greater cost than proper disposal would have . . . *Id.* at 192 (internal quotation marks and citation omitted).

[4.] Moreover, construing the statute to penalize storage of hazardous substances without a permit, without regard to whether the means of storage is itself unsafe, is in keeping with the statute's purposes. *Id.* at 193.

[5.] [A] hazardous waste must be a "solid waste". *See* 42 U.S.C. § 6903(27). A "solid waste" is defined as:

[A]ny garbage, refuse, sludge from a waste treatment plant . . . and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial . . . operations . . . . *Id.* at 194.

[6.] RCRA's definition of the terms "disposal" and "storage" are mutually exclusive, the distinction being that if environmental contamination may result from the manner in which the hazardous waste is contained, it is a "disposal." and not "storage." *Id.* at 195.

In *United States v. Kelley Technical Coatings, Inc*, 157 F.3d 432 (6th Cir. 1998), the Sixth Circuit cited *Dean* with approval and elaborated on RCRA's requirements:

[1.] [*Dean*] concluded that Section 6928(d)(2)(A) does not require knowledge of the permit requirement. . . . *Dean* is not only persuasive, but also controlling. *Id.* at 437.

[2.] The instructions given in this case . . . required the government to prove the defendant's knowledge of the storage or disposal, the defendant's knowledge that the material was waste, and the defendant's knowledge that it had the potential to be harmful to others or to the environment. *Id.* at 438.

[3.] In *Dean*, this Court applied the statutory definition of "hazardous waste" found at 42 U.S.C. § 6903(5) to a criminal prosecution under § 6928(d)(2) [as] . . . a solid waste or combination of solid wastes, which because of its quantity, concentrations, or physical, chemical or infectious characteristics

2

may . . . (B) pose a substantial present or potential hazard to human health or the environment . . . . *ed.* at 440.

Having stated the controlling legal precedent and the government's burden of proof, the Court will now proceed to deal with the parties' in limine motions under the Federal Rules of Evidence.

### Relevant Rules of Evidence

The instant motions in limine center around Federal Rules of Evidence 401, 402, 403 and 404.

Fed.R.Evid. 401 defines relevant evidence as "evidencing having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Fed.R.Evid. 402 states: "All relevant evidence is admissible except as otherwise provided by the Constitution . . . . Congress, by these rules, or by other rules prescribed by the Supreme Court . . .. Evidence which is not relevant is not admissible."

Fed.R.Evid. 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Finally, Fed.R.Evid. 404(b) states:

> (b) Other crimes, wrongs or acts – evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance, or during trial, if the court excuses pretrial value on good course shown, if the general value of such evidence it intends to introduce at trial.

The Court has previously ruled denying Defendant's Motion to Strike Certain Allegations in the Indictment; To Wit, Paragraphs 4-11 of the Indictment. (Order, 7/17/11, Doc. #36.) The Court

3

will redact the indictment with the assistance of the parties at a hearing scheduled for Monday, September 12, 2011 at 10 a.m. to reflect the rulings in this Order.

### Specific Proposed Evidence in the Instant Case

The Court, pursuant to Federal Rules of Evidence 401, 402, and 403, will permit the government to introduce, through proper witnesses, *inter alia*:

1. Photos from state and federal inspections.

2. EPA search warrant photos and video footage of the site at the time of the search warrant execution.

3. Post-search warrant photos of the site, prior to March 26, 2008.

4. MDEQ personnel testimony regarding inspections at the site (October 13, 2005, August 18, 2006, August 31, 2007, October 31, 2007), and MDEQ Letters of Warning (LOWs) on February 27 and August 8, 2007, subject to redaction.

5. Evidence relating to the 2007 fire at Chem-Serve.

6. EPA testimony and documents of inspections at the site, October 31, 2007 (with MDEQ), and November 14-15, 2007.

7. EPA search warrant execution seizures on January 29-30, 2008 (not the affidavit, if Defendant stipulates not to claim an illegal/improper entry).

8. EPA removal of drums and small containers, April 3, 2008 - October 26, 2008.

9. The Weston/RTI sample testing report based on samples taken at the October 31, 2007 inspection.

10. Defendant's correspondence with MDEQ and EPA.

11. Defendant's statements to EPA authorities on October 31, 2007.

12. EPA sample testing findings from the samples taken on October 31, 2007.

The Court concludes that the proposed government evidence contained in these paragraphs is relevant under Fed.R.Evid. 401, admissible under Fed.R.Evid. 402, and not to be excluded under Fed.R.Evid. 403 – i.e. the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The Court will not permit the government to admit evidence of:

1. The 1997 fire at Chem-Serve, unless Defendant opens the door.

2. The Dearborn Refinery matter, unless Defendant opens the door.

3. The amount of money expended by the federal government in clean-up of the Chem-Serve site. This is stipulated to by the government in its Response at p.17, n. 6.

4. Defendant's gambling habits.

5. MDEQ Letters of Warning (LOWs) to Defendant on October 26, 2008, January 18, May 17, September 26, 2007. None of these LOWs references the EPA.

The Court finds that these five matters are not relevant pursuant to Rules 401 and 402 and even if relevant, are substantially more prejudicial than probative pursuant to Rule 403 – unless Defendant opens the door.

The Court will conduct a further *in limine* hearing at 10:00 a.m. on Monday, September 12, 2011, on the instant motions, with regard to proposed government evidence relating to:

1. Superfund photos.

2. The Federal search warrant and affidavit.

3. The March 11, 2008 Michigan Department of County Health hazard finding.

4. The March 25, 2008 MDEQ closing of the Chem-Serve facility due to imminent hazard.

5. Evidence relating to the site after it was shut down on March 26, 2008.

6. LOWs – redaction of warnings on February 27 and August 8, 2007 referencing solid waste

disposal issues. *See* Govt Response to Defendant's Motion in Limine, Doc. # 28, p. 13, n. 5.

7. Whether Defendant acted to retrieve certain materials from the site after the cease and desist order. *See* Govt Response, p. 16, n. 6.

### Summary

The Court finds that evidence of the conditions at the Chem-Serve site are admissible, per *United States v. Southern Union Co.*, 643 F. Supp. 2d 201, 219 (D.R.I. 2009); *aff'd*, 630 F.3d 17 (1st Cir. 2010). The district court's opinion, as cited in the government's brief, stated:

> The manner in which the mercury was stored and the overall conditions at Tidewater are directly relevant to the defendant's intent and the jury's ultimate determination of whether the mercury was a waste or product (and thus whether a permit was required).

The First Circuit Court of Appeals, in affirming the conviction, noted:

> The Tidewater property was not maintained and had fallen into disrepair. . . . The brick building was in poor condition and had suffered break-in attempts and vandalism. It had many broken windows . . ..

630 F.3d at 22. The Court adopts this reasoning and similarly concludes that evidence of the general conditions at the Chem-Serve site are relevant and admissible.

In *United States v. Self*, 2 F.3d 1071, 1088 (10th Cir. 1993), the Tenth Circuit noted that in a RCRA prosecution, knowledge can be inferred from circumstantial evidence including information provided to the defendant on prior occasions:

> Thus, while knowledge of prior illegal activity is not conclusive as to whether a defendant possessed the requisite knowledge of later illegal activity, it most certainly provides circumstantial evidence of the defendant's later knowledge from which the jury may draw the necessary inference. *cf.* Fed. R. Evid. 404(b) (prior bad act evidence admissible to prove knowledge).

This Court agrees with regard to *inter alia*, the MDEQ pictures/testimony regarding the Copland

6

site and its contents, the 2007 fire, and the February 27 and August 8, 2007 LOWs.

The Court will consider limiting instructions on Rule 404 (b) matters, and invites the parties to meet and submit to the Court a proposed instruction.

Finally, as to the government's Motion in Limine, the Court rules that Defendant is barred from offering evidence or cross-examining witnesses regarding:

(1) Defendant's lack of knowledge of rules and regulations regarding proper storage and disposal of hazardous waste – he can offer evidence it was not hazardous waste;

(2) that his actions did not result in environmental harm.

A previous Court order has excluded any defense argument regarding jury nullification. (Doc. #39).

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

8-30-11